J. Curtis Edmondson, CSB No. 236105
Law Offices of J. Curtis Edmondson
15490 NW Oak Hills Drive
Beaverton OR 97006
Telephone: (503) 336-3749
Email: jcedmondson@edmolaw.com

Attorney for Defendant
HACKERX, INC dba WOMENHACK

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KEATLEY,<br><br>Plaintiff,<br><br>vs.<br><br>HACKERX, INC dba WOMENHACK.,<br><br>Defendant | **Case No. 5:21-cv-07873-EJD**<br><br>**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**<br><br>**JURY DEMAND**<br><br>**Hon. James Donato** |

Defendant HACKERX, INC dba WOMENHACK, ("HackerX" or "Womenhack") hereby answers the Complaint (ECF 1) of the Plaintiff, John Keatley ("Keatley") as follows:

## SUMMARY OF THE ACTION

1. With regard to paragraph 1 of the Complaint as these are statements of law, HackerX cannot admit or deny, but denies that there has been violation of Keatley's exclusive rights.

2. With regard to paragraph 2 of the Complaint HackerX has no knowledge of how Keatley views his work or how other people view his work, and therefore cannot admit or deny, so therefore denies.

3. With regard to paragraph 3 of the Complaint HackerX has no knowledge of where Keatley exhibits his work and therefore cannot admit or deny, so therefore denies.

4. With regard to paragraph 4 of the Complaint HackerX admits.

5. With regard to paragraph 5 of the Complaint HackerX denies.

## JURISDICTION AND VENUE

6. With regard to paragraph 6 of the Complaint as these are statements of law, HackerX cannot admit or deny, but denies that there has been violation of Keatley's exclusive rights.

7. Admits.

8. Admits.

9. Admit as to venue, deny all other allegations.

## DEFENDANT

10. Admit as to the service address, deny as to current address in San Francisco.

## THE COPYRIGHTED WORK AT ISSUE

11. With regard to paragraph 11 of the Complaint as these are statements of law, HackerX lacks knowledge of who created this photograph, so therefore denies.

12. Admit as to existence of the document, deny as to the contents of the document.

13. With regard to paragraph 13, of the Complaint HackerX has no knowledge of how Keatley's ownership of his work and therefore cannot admit or deny, so therefore denies.

**INFRINGEMENT BY DEFENDANT**

14. With regard to paragraph 14 of the Complaint, HackerX cannot either admit or deny a conclusion of law regarding of the term "license" and therefore cannot admit or deny, so therefore denies.

15. With regard to paragraph 15 of the Complaint, HackerX cannot either admit or deny a conclusion of law regarding of the term "copied" and therefore cannot admit or deny, so therefore denies.

16. With regard to paragraph 16 of the Complaint, HackerX cannot either admit or deny a conclusion of law regarding of the term "copied" and therefore cannot admit or deny, so therefore denies.

17. With regard to paragraph 17 of the Complaint, HackerX cannot either admit or deny a conclusion of law regarding of the term "copied" and "distributed" and therefore cannot admit or deny, so therefore denies, further deny that HackerX used the Work to promote the sale of goods and services.

18. With regard to paragraph 18 of the Complaint, HackerX cannot either admit or deny a conclusion of law regarding of the term "copied" and "distributed" therefore cannot admit or deny, so therefore denies, further denies that HackerX used the Work to promote Womenhack's business.

19. With regard to paragraph 19 of the Complaint, HackerX has no knowledge if the Work is legally protected by copyright, is proprietary, or is subject to a claim of trade secret.

20. With regard to paragraph 20 of the Complaint, HackerX denies.

21. With regard to paragraph 21 of the Complaint HackerX has no knowledge of how Keatley's ownership of his work and therefore cannot admit or deny if Keatley had authority to grant this permission, so therefore denies.

1   22. With regard to paragraph 22, of the Complaint HackerX admits as to the existence

2   of the letters, denies as to legal effect of the Notices, so therefore denies.

## COUNT I – COPYRIGHT INFRINGEMENT

4   23. With regard to paragraph 23 of the Complaint, HackerX incorporates by reference

5   paragraphs 1 to 22 above.

6   24. With regard to paragraph 24 of the Complaint HackerX has no knowledge of the

7   validity of Keatley's copyright, and can neither admit nor deny, so therefore denies.

8   25. With regard to paragraph 25 of the Complaint, HackerX has no knowledge of the

9   how Keatley's registered the copyrights with the Copyright Office, and can neither admit nor

10   deny, so therefore denies.

11   26. With regard to paragraph 26 of the Complaint, HackerX denies.

12   27. With regard to paragraph 27 of the Complaint, HackerX denies.

13   28. With regard to paragraph 28 of the Complaint, HackerX denies.

14   29. With regard to paragraph 29 of the Complaint, HackerX denies.

15   30. With regard to paragraph 30 of the Complaint, HackerX denies.

16   With regard to Plaintiff's Prayer on pages 5-6, sections (a) to (e), HackerX respectfully requests

17   that this Court deny all relief requested by Keatley.

## JURY TRIAL DEMAND

19   HackerX demands a jury by trial as to those matters that can be determined by a jury.

## AFFIRMATIVE DEFENSES

While HackerX has not infringed the work at issue, HackerX is raising these affirmative defenses as is his right and should not be deemed an admission of infringement.

### I. STANDING

31. Defendant lacks standing to bring these claims as they are not the owner of the copyright pursuant to Keatley's agreement with ImageRights (see https://www.imagerights.com/service-agreement) and/or the rights are owned by Keatley, Inc. which is a WA for profit corporation, which is a commercial photography studio.

### II. FAILURE TO JOIN

32. Defendant has failed to join all parties to this action, namely the individual who uploaded the Work at issue in this case.

### III. JURISDICTION DUE TO INVALIDITY OF REGISTRATION CERTIFICATE

33. Plaintiff's registration certificate is not prima facie valid as it was filed over five years after the publication of the work. 17 U.S.C. §410( c).

### IV. FAIR USE AND OTHER STATUTORY DEFENSES
### 17 U.S.C. 107-122, 512

34. Defendant is entitled to the statutory defenses under 17 U.S.C 107 to 17 U.S.C 122, and 17 USC 512 (DMCA).

### V. STATUTE OF LIMITATIONS

35. Keatley's claims are time-barred under the Copyright Act's three years statute of limitations.

### VI. UNCLEAD HANDS ,INEQUITABLE CONDUCT AND MISUSE

36. Keatley's claims are barred under the doctrine of unclean hards, inequitable conduct, and Copyright misuse by his actions before the Copyright Office with regard to the filing of his application.

## VI. RIGHT TO AMEND

37. . Defendant further requests the right to amend these affirmative defenses as additional facts are learned during discovery.

## DEFENDANT'S COUNTERCLAIM

## SUMMARY OF THE COUNTERCLAIM

36. HackerX incorporates by reference paragraphs 1-35 above.

37. The registration of the Work at issue is invalid. Since the registration of the work is invalid, this Court lacks subject jurisdiction to enter judgment.

38. The Work is owned by a separate Washington Entity, John Keatley, Inc. which provides commercial photography and has been in existence since 2003. Further the work was published prior to the date alleged in the group photographic registration.

39. HackerX requests an order declaring the Group Registration VA 2-053-420 invalid.

## JURISDICTION AND VENUE OF THE COUNTERCLAIM

40. This Court has jurisdiction under the Declaratory Judgments Act.

41. Venue is proper as this is a counterclaim to Keatley's complaint.

## THE COPYRIGHT REGISTRATION AT ISSUE

42. The Certificate of Registration ("Registration") at issue has been filed as Exhibit 3 to the Complaint (See ECF 1-3).

43. The Registration states the subject matter at issue in this case (e.g. Work) was published from "Feb. 25, 2011 to Dec 05, 2011".

44. The Registration's accuracy was certified by Joe G. Naylor on June 6, 2017.

45. Mr. Naylor is the CEO of ImageRights International, Inc. (see https://www.prnewswire.com/news-releases/imagerights-enters-legal-tech-market-with-launch-of-imagerights-for-law-firms-301566582.html). Mr Naylor appears to be an expert on the copyright registration process. As such, Mr. Naylor has a duty of inquiry as to all facts

regarding the Copyright Application and representations made to the Copyright Office regarding their accuracy. Mr. Naylor is knowledgeable as to Copyright Law.

46. Archive.org is repository of webpages that are indexed by date. Like an archive, it makes copies of websites using automated technology.

47. On or prior to Feb 11, 2011, the subject Work was published on the website www.keatleyphoto.com. This was captured by archive.org (see Exhibit A).

48. John Keatley's photography business is owned and operated by Keatley, Inc. Keatley, Inc. is the true owner of the Work. The Work at issue is a "work for hire" as a matter of law. As such., authorship of the Group Registration (Ex. 3) is inaccurate as a matter of law and fact.

## COUNT I – INVALIDITY OF REGISTRATION CERTFICATE
## GROUP REGISTRATION VA 2-053-420

49. Whereas, there is a case or controversy regarding the validity of Group Registration VA 2-053-420 ("Group Registration").

50. The Group Registration is erroneous and the applicant's agent intentionally made erroneous statements to the Copyright Office. The applicant's agent is the CEO of a company whose sole purpose is to enforce copyrights. As such, by virtue of experience and training, is subject to the highest standard of verifying factual information upon registration.

51. Since the Group Registration issued as a consequent of submitting materially false information to the Copyright Office., and that information is false, the registration should be cancelled. Wtihout a valid copyright registration, there is no cause of action.

# DEFENDANT'S PRAYER FOR RELIEF

Defendant respectfully prays and judgment entered as follows on the claim and counterclaim:

 A. That the relief sought in Plaintiff's complaint be denied in the entirety;

 B. A declaration that Registration VA 2-053-420 ("Group Registration") is invalid and should be cancelled;

 C. That Doe be entitled to reasonable attorney fees under the Copyright Act;

 D. That Doe be entitled to costs of suit; and

 E. That Doe be entitled to any other relief that this Court may allow.

Respectfully submitted,

Dated: June 20, 2022

/s/ J. Curtis Edmondson
J. Curtis Edmondson
Law Offices of J. Curtis Edmondson
15490 NW Oak Hills Dr
Beaverton OR 97006
(503)336-3749
jcedmondson@edmolaw.com

Attorney for HackerX, Inc.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM   -7-   Case No. 5:21-cv-07873-EJD